UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE A. ROSENDAHL,  )<br>                               )<br>           Plaintiff         )<br>                               )<br>      v.                       )             Civil No. 05-5-B-K<br>                               )<br>DIANA M. BRANGWYNNE,           )<br>                               )<br>           Defendant     )  | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND NEW TRIAL[1]**

A jury trial was conducted in the above referenced case from October 18- 21, 2005.  At the close of all the evidence the plaintiff, Lawrence Rosendahl, moved for judgment as a matter of law pursuant to Rule 50(a) against the defendant's claim regarding plaintiff's comparative negligence.  I denied the motion and the jury proceeded to return a verdict for the defendant, Diana Brangwynne, finding her negligent but less negligent than the plaintiff.  Lawrence Rosendahl now renews his motion for judgment as a matter of law on the issue of comparative negligence under Rule 50(a) and seeks a new trial on the issue of damages only under Rule 59(a).  Alternatively, Rosendahl seeks a new trial on all issues pursuant to Rule 59(a) because, in his view, the jury verdict was against the great weight of the evidence and therefore a new trial would prevent a miscarriage of justice.  I now **DENY** his motion.

---

[1]    Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge Margaret J. Kravchuk conduct all proceedings in this case, including trial, and to order entry of judgment.

**Applicable Legal Standards**

The question before the Court in a renewed motion for judgment as a matter of law under Rule 50(a) is whether the facts and inferences are such that no reasonable jury could have reached a verdict against the movant.  Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004).  A motion for a new trial under Rule 59 involves a more discretionary standard: such a motion may be granted only if "the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice."  Johnson v. Spencer Press of Me., Inc., 364 F.3d 368, 375 (1st Cir. 2004) (citation omitted); see also Ramos v. Davis & Geck, Inc., 167 F.3d 727, 731 (1st Cir. 1999) (discussing the standards for both Rule 50(a) and Rule 59).

**Discussion**

This case involved a motor vehicle accident that occurred when Brangwynne pulled out of a business parking lot into a public way and collided with a motorcycle operated by Rosendahl.  Rosendahl was proceeding in the left (passing) lane, while a pickup truck operated by Ouellette, a trial witness, proceeded in the right hand lane and slowed to make a turn into the parking lot.  Ouellette testified that Rosendahl traveled alongside the left rear quarter panel of his truck for approximately a full minute between the time Ouellette pulled onto the public way until the accident occurred.  Ouellette testified that he could not see Rosendahl in his rear view mirrors this entire time but he could hear the engine noise.  The inference that could have been drawn from this testimony was that Rosendahl was hugging the left rear quarter panel of the pickup as he proceeded down the busy public way, thereby making himself invisible not only to Ouellette but also to drivers such as Brangwynne who might be entering the public way from stores along the right hand side of the road.

That Brangwynne negligently entered the public right of way without yielding to Rosendahl who had the right of way goes without saying. The jury found that she was negligent in doing so. Still, she testified she did not see the motorcycle and the jury could have fairly found from the evidence that Rosendahl was also negligent in positioning himself as he did on the roadway, bearing in mind that he was riding a motorcycle, a vehicle that would be less visible to other motorists than a car or truck and might well be obscured by a large truck. The jury might have concluded, based on the evidence presented, that a motorcycle operator in the exercise of due care would have positioned himself either behind the truck or have moved ahead of the truck more quickly that Rosendahl did. There was evidence in the case to support a finding that the operator of a motorcycle driving on an unfamiliar and busy street should have positioned himself in such a way as to maximize his visibility to other vehicles on the roadway and that Rosendahl failed to do so.

Because there is sufficient evidence to support the jury's determination that Rosendahl was negligent based upon his position in the roadway, the considerations concerning his poor vision are of lesser importance. I agree with plaintiff's counsel that given the circumstances of this accident, it is difficult to see how plaintiff's limited peripheral vision proximately caused the accident. Ouellette's testimony suggests that even if Rosendahl had 20/20 vision he would not have seen Brangwynne's vehicle pulling out into the roadway because Ouellette's pickup would have blocked his view.

The crux of this motion goes not to the jury's determination that Rosendahl was negligent, but rather to their determination that his negligence was equal to or greater than Brangwynne's. Under Maine law, "as long as the causal fault of both parties is factually in dispute, 'it is the sole prerogative of the jury to determine the comparative degrees of fault.'"

Minott v. F.W. Cunningham & Sons, 413 A.2d 1325, 1332 (Me. 1980) (quoting Lyman v. Bourque, 374 A.2d 588, 590 (Me. 1977). Simply because the degree of fault assessed against Rosendahl by the jury may have been greater than the degree of fault I might have assessed based upon the same evidence, it does not mean that Rosendahl is entitled to a new trial. I must deny the motion for judgment as a matter of law and for a new trial. (Docket No. 70).

*So Ordered.*

Dated December 14, 2005                             /s/ Margaret J. Kravchuk
                                                    U. S. Magistrate Judge